[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above-captioned case seeks an order vacating an arbitration award in which the arbitration panel found that the plaintiff was not a covered person under the insurance contract from which she sought underinsured motorist benefits from the defendant.
The parties have agreed that pursuant to the rulings inBodner v. United States Automobile Association, 222 Conn. 480
(1992) and American Universal Insurance Co. v. DelGreco,205 Conn. 178 (1987), the standard of review is a de novo review of the issue of coverage. The parties have agreed that the court should perform that review on the basis of the briefs and attached materials, including the transcript of the arbitration hearing.
This court finds the facts to be as follows. The plaintiff, Tracey Sisk, purchased a motor vehicle from Branford Mitsubishi, a car dealer, on June 14, 1990. She told the dealership's CT Page 4776 representative that she wanted to register the vehicle in New York and she borrowed a dealer plate to use on the vehicle because she was not registering it immediately. The use of the dealer plate was governed by an agreement by which Branford Mitsubishi authorized her to use the dealer plate until June 22, 1990. The plaintiff failed to return the plate by that date and was still using the dealer plate on June 23, 1990, when she was in a motor vehicle accident in which she alleges she sustained injuries.
After purchasing the vehicle from Branford Mitsubishi on June 14, 1990, the plaintiff obtained her own motor vehicle insurance that covered the vehicle as of June 21, 1990.
On the basis of the evidence, this court finds that on the date of the collision, June 23, 1990, the plaintiff was the owner of the vehicle. The policy issued by the defendant, Chrysler Insurance, defines "covered auto" for purposes of uninsured and underinsured motorist coverage as code 22, "owned autos only. Only those autos you [the named insured dealership] own . . ."
On the date of the accident, the vehicle at issue was owned by the plaintiff, not by the insured as defined in the policy issued by the defendant.
The plaintiff takes the position that the underinsured motorist coverage provided by the defendant was not limited to vehicles owned by the dealership but extended to all vehicles bearing a dealer plate owned by the dealership. The court does not find that the provisions in the insurance policy regarding dealer plates altered the basic definition of covered vehicles as including only those owned by the car dealership at the time of an accident.
The plaintiff has failed to establish that she is eligible for underinsured motorist coverage under the policy at issue.
The plaintiff's application to vacate the arbitration award is denied.
Beverly J. Hodgson Judge of the Superior Court
CT Page 4777